

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 18, 2022**

**United States Bankruptcy Judge**
_____

# United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>**Reytech Services, LLC**<br>**Debtor** | Case No. 22-40334-11<br>Chapter 11 |

### INTERIM ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND OTHER COMPENSATION

This matter having come before this Court upon the *Debtor's Motion for Entry of Interim and Final Orders Authorizing Payment of Prepetition Wages, Salaries, and Other Compensation* ("Motion") (Doc. 5) pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a)(4), 507(a)(5), and 541(d) filed by Reytech Services, LLC ("Debtor"), the Court finds that it has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334; the Court finds that these are core proceedings pursuant to 28 U.S.C. § 157(b)(2); the Court finds that the Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate and the creditors; the Court finds that good cause exists to

waive the fourteen-day stay imposed by the Bankruptcy Rule 6004(h); the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that upon the record herein after due deliberation thereon good and sufficient cause exists for granting the relief requested therein; accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.
2. Debtor is hereby authorized and empowered, but not directed, to pay the employees all prepetition compensation not to exceed the priority caps in the Bankruptcy Code relating to services rendered to the Debtor before the Petition Date that were unpaid on the Petition Date (including all payroll-related taxes, or required legal deductions) for any reason, including, without limitation, because checks issued for such salaries and wages have not yet cleared, because of the timing of regular payrolls, or because of payroll adjustments.
3. Debtor is hereby authorized and empowered, but not directed, to pay the employees all pre-petition compensation.
4. Debtor is hereby authorized and empowered, but not directed, to pay over to the appropriate third parties, in accordance with existing company policies and practices, all payroll deductions and related employer contributions made pre-petition, including, without limitation, those deductions relating to: (i) state, local, and federal tax withholding; (ii) medical, dental, and other insurance benefits; and (iii) employee-savings programs, charitable contributions, garnishments, and other similar programs.
5. To maintain employee confidence and morale, Debtor is authorized and

empowered, but not directed, to continue providing the compensation and employee benefits described in the Motion and in open court at the hearing in the Motion consistent with its pre-petition customs and policies (as the same may be modified in the ordinary course) and/or as described in the Motion.

6. All depositories on which checks were drawn in payment of the prepetition amounts approved herein are authorized to clear such checks as and when presented for payment; provided, however, sufficient funds are in Debtor's account(s) to cover and permit payment thereof and all such depositories are authorized to rely on Debtor's designation of any particular check as approved by this Order.

7. Debtor is authorized to reissue any check that was drawn in payment of a pre petition amount approved herein that is not cleared by any bank or other final institution.

8. The banks on which any checks have been drawn by the Debtor in payment of pre-petition amounts approved herein are authorized to receive, process, honor, and pay any and all checks drawn on Debtor's payroll accounts issued before the Petition Date; provided, however, sufficient funds are in Debtor's payroll accounts to cover and to permit payment thereof, and such banks are authorized to rely on Debtor's designation of any particular check as approved by this Order.

9. Nothing contained herein is or shall be construed as an assumption of any pre-petition compensation contract, agreement, or program, including, without limitation to, such contracts, agreements or programs noted in the Motion.

10. Notwithstanding anything herein to the contrary, the authority granted herein is subject to any requirements and limitations imposed on the Debtor under any Court order regarding the use of cash collateral and any approved budget contained therein and that nothing contained herein shall, or shall be deemed to, modify, amend or alter such order or approved budget.

11. This Order shall be effective immediately irrespective of any stay imposed by the Bankruptcy Rule 6004(h) or otherwise.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. A final hearing on the relief sought in the Motion shall be conducted on **MARCH 15, 2022 at 9:30 am (CST)**. The deadline for objections to entry of the proposed final order must be filed is **March 11, 2022 at 5:00 pm (CST)**. If no objections are timely filed, this Court may enter the Proposed Final Order without further notice or hearing.

14. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**# # # END OF ORDER # ##**

Approved as to form by:

Clayton L. Everett
State Bar No. 24065212
Norred Law, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Proposed Counsel for the Debtor